Cecil **LOVEDAHL**, Appellant,

v.

**STATE OF NORTH CAROLINA,**
Appellee.

No. 10171.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1966.

Decided Feb. 21, 1966.

John R. Jordan, Jr. (Court-assigned counsel) and William R. Hoke, Raleigh, N. C., for appellant.

Theodore C. Brown, Jr., Asst. Atty. Gen. of North Carolina (T. W. Bruton, Atty. Gen. of North Carolina, on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Release through habeas corpus from custody under a North Carolina criminal judgment has again been denied Cecil Lovedahl. On the prior review of his most recent application, we vacated the denial and remanded the petition to the District Court for further inquiry on the issue of Lovedahl's mental competency at the time he pleaded guilty and was sentenced. Lovedahl v. State of North Carolina, 338 F.2d 512 (4 Cir. 1964).

After a plenary hearing the District Judge has now explicitly found that Lovedahl had sufficient mental capacity when he entered the plea to understand the proceedings and assist his counsel in the preparation of his defense. Thereupon the petition was dismissed, and this appeal followed.

The determination by the District Court is a finding of fact. It must stand unless clearly erroneous. F.R.Civ. P. 52(a). Our examination of the record does not persuade us of any such infirmity in the finding.

From 1951 to the present, Lovedahl has been found alternately insane and sane. Periodically his state of mind changes, his insanity recurrent. Now restored at least temporarily, he has been returned to the State Central Prison not only on the recommendation of the State Hospital psychiatrists, in whose care he was put during his unbalanced periods, but on his own request.

Obviously North Carolina is thus confronted with a difficult balancing of individual and public considerations: whether his continued confinement as a criminal will obstruct his complete recovery and whether his continued confinement is necessary to the public safety. The staff at the State Hospital does not approve an immediate release, believing further detention with treatment advisable. However, they urge his transfer as soon as practicable to a United States Veterans' Hospital in the State of Washington, where his father and mother now reside, which seems ready to receive him on prescribed conditions.

The conditions are that he must be relieved entirely of penal supervision, even parole. The Hospital advises it cannot accept a patient who is still subject to criminal discipline. To achieve the benefits of his hospitalization, it is necessary, too, that the institution be empowered to hold Lovedahl as long as it deems advisable, regardless of his wishes. Such a commitment at the instance of his parents in Washington State is, we are told, obtainable. We suggest that the appropriate department of the North Carolina Government, with the assistance of Cecil Lovedahl's family, explore and consider this possibility, aware that the State is desirous of advancing his interest if it can be accomplished without jeopardizing the security of the public.

To the end that the District Court may be kept informed of the progress of the State in the solution of the problem presented by this case, we will remand the case to the District Court with directions to retain jurisdiction of it in order to receive reports of the Attorney General of North Carolina, from time to time, of the determinations made and the actions taken by the State in respect to Cecil Lovedahl.

Remanded.